**WO**                                                                                           SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Steven L. Shook, | ) | No. CV 11-0253-PHX-JAT (DKD) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Officer Bristow, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Steven L. Shook, who is confined in the Arizona State Prison Complex, South Unit, in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc. 1, 2.)[1] Plaintiff has also filed a motion for appointment of counsel. (Doc. 4.) The Court will dismiss the Complaint with leave to amend and deny the motion for appointment of counsel.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees

---

[1] "Doc." refers to the docket number of filings in this case.

JDDL-K

1  according to the statutory formula.

2  **II.      Statutory Screening of Prisoner Complaints**

3         The Court is required to screen complaints brought by prisoners seeking relief against

4  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

6  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

7  be granted, or that seek monetary relief from a defendant who is immune from such relief.

8  28 U.S.C. § 1915A(b)(1), (2).

9         A pleading must contain a "short and plain statement of the claim *showing* that the

10  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

11  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

12  unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

13  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

14  statements, do not suffice."  Id.

15         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

16  claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

17  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

18  that allows the court to draw the reasonable inference that the defendant is liable for the

19  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

20  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

21  experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

22  allegations may be consistent with a constitutional claim, a court must assess whether there

23  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

24         But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

25  must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

26  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

27  than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,

28  94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to comply with the Rules leave to amend because the Complaint may possibly be saved by amendment.

**III.   Complaint**

Plaintiff alleges 28 counts asserting denial of constitutionally adequate medical care, retaliation, use of excessive force, and privacy violations.  Plaintiff sues the following employees of the Arizona Department of Corrections (ADC): Officers Bristow, Swanda, St. George, Hernandez, Chamberlain, La Pine, Rasmusson (or Rasmussen), Vasquez, and Scinvo; Drs. Sharp (or Sharpe) and Kindell; Deputy Warden (DW) Moody and Ortiz; Assistant Deputy Warden Pierce; Captain Stout; Lieutenant Mongia; FHA Regional Director Jim Taylor; Nurses Judy, Rosie, Marge, Marty, Tracy, Bands, Clemenshaw, Darcy, Rose, and Norma; and Sergeants Hanby and Evans.  Plaintiff also sues: all South Unit Facility Health staff; all FHA personnel; Department of Corrections (DOC); FHA DOC Medical Provider and South Medical Staff; FHA DOC Medical Provider and all staff; DOC Investigative Unit; South Unit Medical Staff; Central Unit Mental Health; FHA DOC Health Care Provider; FHA DOC Medical Care Provider; Tucson Medical Pharmacy; FHA Medical Provider; Central Medical; DOC Medical Security; all Rynning Unit Medical Staff; and South Unit Administrative staff.  Plaintiff seeks compensatory relief.

**IV.   Failure to Comply with Instructions and Rules**

Local Rule 3.4(a) requires prisoners to use court-approved form complaints.  The Instructions for completing the court-approved form complaint state in relevant part that:

> **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form

must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered *clearly and concisely* in the appropriate space on the form.  If needed, you may attach additional pages, ***but no more than fifteen additional pages***, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages.  *If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.*

(Instructions at ¶ 1) (italics added).  The Instructions further provide that:

1. Counts.  You must identify which civil right was violated.  ***You may allege the violation of only one civil right per count***.
2. Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.
3. Supporting Facts.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.
4. Injury.  State precisely how you were injured by the alleged violation of your rights.

(Instructions, part C) (italics added).

The Instructions also provide specific directions about how to identify defendants.

Under "Heading," the Instructions state that:

2. Defendants.  If there are **four or fewer** defendants, print the name of each [on page 1].  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

(Id. at 3.)  Further, under "Jurisdiction," the Instructions direct:

Print all of the requested information about each of the defendants **in the spaces provided**.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

(Id.) (emphasis added).

While Plaintiff used the court-approved form complaint, he did not comply with the Instructions for completing it.  Plaintiff failed to comply with the Instructions by listing the attaching an additional page listing each of the Defendants and providing the requested information about each Defendant.  Plaintiff also substantially exceeded the page limit and

1    in some counts asserted the violation of more than one right.  In several counts, Plaintiff fails

2    to adequately allege facts to support how each individual Defendant violated his rights and

3    in other counts, he fails to connect the alleged violations to any named Defendant.  Because

4    Plaintiff failed to comply with the Instructions for completing the court-approved form

5    complaint, his Complaint will be dismissed with leave to amend in compliance with the

6    Instructions.

7    **V.      Standard to State a Claim Under § 1983**

8          As discussed above, the Court will dismiss the Complaint for failure to comply with

9    the Instructions for completing the court-approved form.  The Court informs Plaintiff of the

10   standard to state particular types of claims under § 1983.

11         Section 1983 provides a cause of action against persons acting under color of state law

12   who have violated rights guaranteed by the United States Constitution and federal law.  42

13   U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).  To

14   state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about

15   which he complains was committed by a person acting under the color of state law and (2)

16   the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander,

17   879 F.2d 583, 587 (9th Cir. 1989).  A "'plaintiff generally must assert his own legal rights

18   and interests, and cannot assert the legal rights or interests of third parties.'"  Mothershed v.

19   Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin,

20   422 U.S. 490, 499 (1975)).  A plaintiff must also allege that he suffered a specific injury as

21   a result of the conduct of a particular defendant and he must allege an affirmative link

22   between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72,

23   377 (1976).

24         In addition to the above, in § 1983 actions, the Court applies the statute of limitations

25   of the forum state for personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 266, 274-76

26   (1985); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Vaughan v. Grijalva, 927

27   F.2d 476, 478 (9th Cir. 1991).  The Arizona statute of limitations for personal injury actions

28   is two years.  See A.R.S. § 12-542(1); Madden-Tyler v. Maricopa County, 943 P.2d 822, 824

1   (Ariz. Ct. App. 1997); <u>Vaughan</u>, 927 F.2d at 478.  The Court also applies state rules for

2   tolling to § 1983 actions.  <u>Hardin v. Straub</u>, 490 U.S. 536, 544 (1989); <u>TwoRivers</u>, 174 F.3d

3   at 992.  Under Arizona law, the statute of limitations may be tolled after a cause of action

4   accrues for the period during which a plaintiff was less than 18 years old or of unsound mind.

5   A.R.S. § 12-502.

6           **A.    ADC**

7           Plaintiff purports to sue ADC.  Plaintiff may not properly sue ADC in federal court.

8   Under the Eleventh Amendment to the Constitution of the United States, neither a state nor

9   a state agency may be sued in federal court without its consent.  <u>Pennhurst St. Sch. & Hosp.</u>,

10  465 U.S. 89, 100 (1984); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Arizona has

11  not manifested the intention to waive its sovereign immunity under the Eleventh Amendment

12  from suit in federal court.  Accordingly, the ADC will be dismissed from this action.

13          **B.    Unnamed or Fictitiously-Identified Defendants**

14          Plaintiff purports to sue unspecified and unenumerated ADC staff as well as several

15  fictitiously-identified Defendants without alleging how each particular Doe Defendant

16  allegedly violated his federal constitutional or statutory rights.  The use of anonymous type

17  appellations to identify defendants is generally disfavored.  Rule 10(a) of the Federal Rules

18  of Civil Procedure requires the plaintiff to include the names of the parties in the action.  As

19  a practical matter, it is impossible in most instances for the United States Marshal or his

20  designee to serve a summons and complaint or amended complaint upon an anonymous

21  defendant.  (<u>Id.</u>)

22          The Ninth Circuit has held that where identity is unknown prior to the filing of a

23  complaint, the plaintiff should be given an opportunity through discovery to identify the

24  unknown defendants, unless it is clear that discovery would not uncover the identities, or that

25  the complaint would be dismissed on other grounds.  <u>Wakefield v. Thompson</u>, 177 F.3d

26  1160, 1163 (9th Cir. 1999) (citing <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980)).

27  Further, where the names of individual defendants are unknown at the time a complaint is

28  filed, a plaintiff may refer to the individual unknown defendants as Defendant John Doe 1,

John Doe 2, John Doe 3, and so on, and allege facts to support how each particular Doe defendant violated the plaintiff's constitutional rights.  The plaintiff may thereafter use the discovery processes to obtain the names of fictitiously-named defendants whom he believes violated his constitutional rights and seek leave to amend to name those defendants.

Plaintiff is additionally informed that to state a claim against a particular individual Defendant, a "plaintiff must allege facts, not simply conclusions, that show that [the] individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).  In addition, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor, 880 F.2d at 1045.  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Accordingly, in any amended complaint, Plaintiff should set forth how each fictitiously named Defendant allegedly violated his rights.  Plaintiff should also identify different fictitious Defendants by different fictitious names, e.g., John Doe I, John Doe II, etc.

## C.    Medical Care

Plaintiff asserts several counts regarding allegedly unconstitutional medical care.  Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton

1    infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d
2    at 1096 (quotations omitted).

3         "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,
4    1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know
5    of and disregard an excessive risk to inmate health; "the official must both be aware of facts
6    from which the inference could be drawn that a substantial risk of serious harm exists, and
7    he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate
8    indifference in the medical context may be shown by a purposeful act or failure to respond
9    to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439
10   F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally
11   denies, delays, or interferes with medical treatment or by the way prison doctors respond to
12   the prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

13        Deliberate indifference is a higher standard than negligence or lack of ordinary due
14   care for the prisoner's safety.  Farmer, 511 U.S. at 835.  "Neither negligence nor gross
15   negligence will constitute deliberate indifference." Clement v. California Dep't of
16   Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter
17   Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
18   "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does
19   not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v.
20   Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is
21   insufficient to state a claim against prison officials for deliberate indifference. See Shapley
22   v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference
23   must be substantial.  The action must rise to a level of "unnecessary and wanton infliction
24   of pain." Estelle, 429 U.S. at 105.

25        **D.    Retaliation**

26        Plaintiff also alleges several counts of retaliation.  To state a constitutional claim for
27   retaliation, a plaintiff must allege that a defendant acting under color of state law took
28   adverse action against him because he engaged in constitutionally-protected conduct, the

adverse action was not narrowly tailored to advance legitimate goals, and the adverse action chilled the plaintiff's exercise of his First Amendment rights or caused him to suffer more than minimal harm.  Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest").

### E.    Excessive Force

The Eighth Amendment applies to excessive force claims of convicted inmates.  See Hudson v. McMillian, 503 U.S. 1, 7 (1992); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).  Officials acting under color of state law may not maliciously and sadistically use force against an inmate for the purpose of causing harm.  Hudson, 503 U.S. at 7; Watts v. McKinney, 394 F.3d 710, 711 (9th Cir. 2005).  To state a claim for excessive force, a plaintiff must allege facts to support that an official used or caused to be used objectively unreasonable force against him.  See Brosseau v. Haugen, 543 U.S. 194, 197 (2004). Analysis of an excessive force claim requires "balancing the 'nature and quality of the intrusion' on a person's liberty with the 'countervailing governmental interest at stake' to determine whether the use of force was objectively reasonable under the circumstances." Drummond v. City of Anaheim, 343 F.3d 1052, 1056 (9th Cir. 2003) (citations omitted); see also Graham, 490 U.S. at 395.

### F.    ADA

Although unclear, it appears that Plaintiff may be attempting to state a claim for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-34.  The ADA is applicable in the prison context.  Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998).  Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  A "public entity" is "any State or local government; [or]

(B) any department, agency, special purpose district, or other instrumentality of a State or States or local government...." 42 U.S.C. § 12131.  Individuals, however, may *only* be sued under the ADA in their official, rather than, their individual capacities.  Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) (plaintiff cannot sue state officials in their individual capacities to vindicate rights created by Title II of the ADA).  To state an ADA claim, a plaintiff must allege facts to support that he: "(1) is a handicapped person; (2) that he is otherwise qualified; and that [prison officials'] actions either (3) excluded his participation in or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap."  Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir. 1996).

If Plaintiff wishes to bring a claim for ADA violations, he should allege facts to support that he is a handicapped person who is otherwise qualified, that particular Defendants' actions excluded his participation in or denied him the benefits of any service, program, or activity, or otherwise discriminated against him based on a physical handicap.  Plaintiff should also allege when, where, and how any Defendant allegedly violated his ADA rights.

### G.     Privacy

Plaintiff also asserts violation of his privacy rights concerning disclosures by and to non-medical staff about Plaintiff's medical conditions, including suffering from Tourette's Syndrome, kidney stones, and gall bladder flare-ups.  Plaintiff appears to be attempting to assert a claim pursuant to the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §§ 1320d-1 to d-8.  However, HIPAA does not provide for a private cause of action.  Webb v. Smart Document Solutions, 499 F.3d 1078, 1080 (9th Cir. 2007).  For that reason, Plaintiff can not state a claim for violation of HIPAA.

## V.     Leave to Amend

As discussed above, Plaintiff's Complaint will be dismissed for failure to comply with the Rules.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form

1    to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form,

2    the Court may strike the amended complaint and dismiss this action without further notice

3    to Plaintiff.

4          Plaintiff must clearly designate on the face of the document that it is the "First

5    Amended Complaint."  The first amended complaint must be retyped or rewritten in its

6    entirety on the court-approved form and may not incorporate any part of the original

7    Complaint by reference.  Plaintiff may include only one claim per count.

8          A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

9    F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

10   1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

11   nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

12   complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d

13   565, 567 (9th Cir. 1987).

14   **VI.   Motion for Appointment of Counsel**

15         As noted above, Plaintiff has also filed a motion for appointment of counsel.  Plaintiff

16   seeks the appointment of counsel based on his medical condition, namely his Tourette's

17   Syndrome and arthritis in his writing hand, lack of access to legal resources, and voluminous

18   medical records and limited ability to decipher those documents.

19         Counsel is only appointed in a civil rights action in "exceptional circumstances."

20   Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); Wilborn

21   v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Terrell v. Brewer, 935 F.2d 1015, 1017

22   (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both 'the

23   likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims

24   *pro se* in light of the complexity of the legal issues involved.'"  Wilborn, 789 F.2d at 1331;

25   see Agyeman, 390 F.3d at 1103; Terrell, 935 F.2d at 1017.

26         At this juncture, Plaintiff appears able to articulate his claims the legal issues involved

27   do not present exceptional circumstances.  Plaintiff's motion will be denied without prejudice

28   to renewal.

/     /     /

## VII.   Warnings

### A.   Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.   Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible "Strike"

Because the Complaint has been dismissed, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these

warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint is **dismissed** for failure to comply with the Rules.  (Doc. 1.) Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(6)     Plaintiff's motion for appointment of counsel is **denied**.  (Doc. 4.)

DATED this 25th day of March, 2011.

James A. Teilborg
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
          Attorney for Defendant(s)

_____
(Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _____ , )<br>(Full Name of Plaintiff)    Plaintiff, )<br> )<br>vs. )<br> )<br>(1) _____ , )<br>(Full Name of Defendant) )<br>(2) _____ , )<br> )<br>(3) _____ , )<br> )<br>(4) _____ , )<br>Defendant(s). )<br>☐ Check if there are additional Defendants and attach page 1-A listing them. ) | **CASE NO.** _____<br>(To be supplied by the Clerk)<br><br><br>**CIVIL RIGHTS COMPLAINT**<br>**BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A. JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:

       ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

       ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

       ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B. DEFENDANTS

1. Name of first Defendant: _____. The first Defendant is employed as:
   _____at_____.
   (Position and Title)       (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
   _____at_____.
   (Position and Title)       (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
   _____at_____.
   (Position and Title)       (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____at_____.
   (Position and Title)       (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☐ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

    a. First prior lawsuit:
       1. Parties: _____ v. _____
       2. Court and case number: _____.
       3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
          _____.

    b. Second prior lawsuit:
       1. Parties: _____ v. _____
       2. Court and case number: _____.
       3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
          _____.

    c. Third prior lawsuit:
       1. Parties: _____ v. _____
       2. Court and case number: _____.
       3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
          _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

**D.  CAUSE OF ACTION**

**COUNT I**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
  ☐ Disciplinary proceedings  ☐ Property          ☐ Exercise of religion        ☐ Retaliation
  ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
       at your institution?                                                    ☐ Yes    ☐ No
  b.   Did you submit a request for administrative relief on Count I?           ☐ Yes    ☐ No
  c.   Did you appeal your request for relief on Count I to the highest level?  ☐ Yes    ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
       you did not. _____
       _____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes     ☐ No
b.   Did you submit a request for administrative relief on Count II?         ☐ Yes     ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes     ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities  ☐ Mail  ☐ Access to the court  ☐ Medical care
☐ Disciplinary proceedings  ☐ Property  ☐ Exercise of religion  ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☐ Yes  ☐ No
   b.   Did you submit a request for administrative relief on Count III?  ☐ Yes  ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes  ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____            _____
                        DATE                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.